J. T. VOLLINTINE v. THE STATE.

No. 3635.   Decided June 25, 1915.

Rehearing denied October 13, 1915.

**1.—Murder—Manslaughter—Charge of Court.**

Where, upon trial of murder and conviction of manslaughter, the evidence raised the issue of murder, the court correctly instructed thereon. However, as the defendant was convicted of manslaughter, the issue of murder passes out of the case, but defendant may again be tried for manslaughter, and the jury may then be informed what murder is.

**2.—Same—Self-defense—Degree of Violence Used—Charge of Court.**

Where defendant's testimony alone raised the issue of self-defense, which the court submitted in his charge, but also submitted in connection therewith that in exercising the right of self-defense, the defendant is permitted only to use such degree of violence as it reasonably appeared to him at the time and place, was necessary to prevent or protect himself against such unlawful violence, said latter clause was reversible error, under the facts of the instant case

**3.—Same—Threats—Self-defense—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the evidence raised the issue of communicated threats, the court should have submitted a charge on self-defense based on threats, and a failure to do so was reversible error.

**4.—Same—Manslaughter—Insult to Female Relative—Charge of Court.**

Where, upon trial of murder, defendant's testimony raised the issue of insults to his wife by the deceased, and acts of illicit intercourse between them, the court properly charged the jury on the law of manslaughter that the adul-tery of deceased with the wife of defendant was adequate cause, and that if defendant believed that deceased had improper relations with defendant's wife, this would constitute adequate cause, and it was not necessary to further in-struct the jury that such belief by the defendant would be real to him, whether such relations existed or not.

**5.—Same—Evidence—Letters.**

Where, upon trial of murder, the defendant introduced certain letters of the deceased to the defendant's wife on his defense of manslaughter, there was no error in permitting the State in rebuttal to introduce the letter of defendant's wife to deceased, to show that the letters of the deceased to her were written in reply thereto; however, the contents of the letter should not have been admitted in evidence.

Appeal from the District Court of Tarrant.   Tried below before the Hon. R. B. Young.

Appeal from a conviction of manslaughter; penalty, five years im-prisonment in the penitentiary.

The State's testimony showed that the defendant entered the barber shop of the deceased and asked whether deceased was in, and when the latter answered that he was, saying, "That's me," the defendant drew a pistol from under his overcoat and shot and killed deceased; that deceased was unarmed and was not doing anything except to raise his arm when defendant fired; that defendant had not seen deceased for many years, and seemed not to have known him at the time.

The defendant's testimony showed that the deceased had alienated the affections of defendant's wife, had had clandestine meetings with her, and had written several letters of endearment to her, which letters he took away from her and read and discovered for the first time the improper relations existing between his wife and deceased, and thereafter, as soon as possible, looked up deceased for an explanation, and that when he met him in the barber shop, the deceased made some demonstration which, from previous threats, led defendant to believe that he was going to attack him; whereupon he fired the shot in self-defense. Defendant also introduced in evidence deceased's several letters to the wife of defendant, and the State thereafter was permitted to introduce the letter from defendant's wife to the deceased, showing that the letters of the deceased to defendant's wife were written in reply thereto. The alleged threat by the deceased, which was communicated to the defendant, was in the following words: "Well, if anything ever comes up, and he don't get me first, a gun won't do him any good."

The testimony for the State and the defense is very voluminous, but the above statement comprises the salient facts in the case.

*Baskins, Dodge, Baskins & Eastus* and *Snodgrass, Dibrell & Snodgrass,* for appellant.—On question of court's charge on murder: Stewart v. State, 52 Texas Crim. Rep., 273.

On question of court's charge on self-defense and excessive force: Aycock v. State, 55 Texas Crim. Rep., 142; Carson v. State, 57 id., 394; Huddleston v. State, 54 id., 93; Aycock v. State, 61 id., 9; Fisher v. State, 74 Texas Crim. Rep., 229, 168 S. W. Rep., 528; Parish v. State, 69 Texas Crim. Rep., 264, 153 S. W. Rep., 327; Russell v. State, 71 Texas Crim. Rep., 377, 158 S. W. Rep., 546; Shoemaker v. State, 71 Texas Crim. Rep., 445, 160 S. W. Rep., 356.

On question of introducing letter of defendant's wife to deceased, thus compelling her to testify against defendant: Eads v. State, 170 S. W. Rep., 145; Brock v. State, 44 Texas Crim. Rep., 335; Davis v. State, 45 id., 292; Spivey v. State, 45 id., 496; Yeiral v. State, 56 id., 267; Woodall v. State, 58 id., 513.

On question of court's failure to charge on question of communicated threats: Reinhardt v. State, 60 Texas Crim. Rep., 662; Alexander v. State, 25 Texas Crim. App., 260; Williams v. State, 22 id., 497; Wheelis v. State, 23 id., 238; Chapman v. State, 42 Texas Crim. Rep., 135; Fielding v. State, 48 id., 334; Carden v. State, 129 S. W. Rep., 362.

On question of court's refusal of defendant's requested charge that if defendant believed deceased had had improper relations with defend-

ant's wife, then the same would be real to the defendant, whether such improper relations were in fact had or not: Jones v. State, 33 Texas Crim. Rep., 492; Messer v. State, 43 id., 97; Hudson v. State, 43 id., 420; McAnear v. State, 43 id., 518; Gillespie v. State, 53 id., 167; Bays v. State, 50 id., 548; Reinhardt v. State, 60 id., 662.

On question of introducing letter of defendant's wife to deceased, because contents thereof were unknown to defendant, and had reference to other transactions: Young v. State, 127 S. W. Rep., 1058; Richards v. State, 53 Texas Crim. Rep., 400.

*C. C. McDonald*, Assistant Attorney General, and *Marshall Spoonts*, County Attorney, for the State.—On question of introduction of letter of defendant's wife to deceased: McAnear v. State, 43 Texas Crim. Rep., 518; Proctor v. State, 54 id., 254; Barbee v. State, 58 id., 129; Long v. State, 127 S. W. Rep., 551.

On question of court's charge on murder: Ross v. State, 170 S. W. Rep., 305; Jones v. State, 47 Texas Crim. Rep., 515; Gillespie v. State, 53 id., 168.

On question of court's failure to charge on threats, the State took the ground that the issue was not raised, as the alleged threat was conditional: Maclin v. State, 144 S. W. Rep., 959; Simpson v. State, 48 Texas Crim. Rep., 328; Crockett v. State, 45 id., 276; Davis v. State, 37 id., 371; Ex parte Moseley, 31 Texas, 566.

On question that letter of defendant's wife to deceased was not compelling her to testify against her husband: Marsh v. State, 54 Texas Crim. Rep., 144.

PRENDERGAST, PRESIDING JUDGE.—Upon a trial for murder appellant was convicted of manslaughter and assessed the highest punishment.

In view of the disposition we make of this case we will give no extended statement of the evidence. Unquestionably the evidence raised, and it was the duty of the court to submit, the issue of murder, and the court did not err in so doing. However, under the law, as appellant was acquitted of murder, of course, that issue can not be submitted in another trial, although it may be proper for the court, in order to properly submit the issue of manslaughter, to inform the jury what is murder as is frequently necessary to do when an accused is tried for manslaughter only.

By appellant's testimony alone self-defense was raised and this issue, based on his testimony, was as favorably submitted in his behalf by the court's charge as the law and facts would authorize. However, after thus submitting the issue the court added thereto subdivision 14, as follows: "You are further instructed that in exercising his right of self-defense the defendant is permitted only to use such degree of violence as it reasonably appeared to him at the time and place was necessary to prevent or protect himself against such unlawful violence." In proper time appellant specially excepted to this. We think it clear

under the authorities that this instruction under the facts of this case should not have been given. Branch's Crim. Law, sec. 451.

The court refused to submit a charge on self-defense based on threats. This was properly excepted to and the point saved, and appellant even requested a special charge on the subject. In our opinion the evidence raised this issue and the court erred in refusing to submit it.

In the charge on manslaughter the court properly told the jury that adultery of the deceased with the wife of appellant was adequate cause. He further told them that if the defendant believed that the deceased had improper relations with his wife, this would constitute adequate cause. Appellant complains of these charges in that the court should have gone further and told the jury, as requested in his special charge, that if they believed from the evidence that appellant believed that deceased had had improper relations with appellant's wife on the occasions of their meeting at a certain place in Dallas and at a certain other place in Fort Worth or either, then such belief by him would be real to him, whether such improper relation was in fact had or not. We think it may have been proper to have given such an instruction under the facts of this case, but it is not such error as we think would justify a reversal. However, it might be better for the court to embrace this matter in a proper charge on another trial.

In the opinion of this writer the letter of appellant's wife to deceased, dated September 12, 1914, in view of appellant's testimony and the letter of the deceased in reply to appellant's wife introduced in evidence by him, was properly admitted in evidence. His brethren, however, incline to the opinion that the contents of the letter should not have been admitted in evidence, but the fact that appellant received a letter from her and the registry receipt for it to which his answer to her was in reply, was admissible in evidence.

There is nothing else raised which presents any error or needs any discussion. Owing to the near approach of the adjournment of this court for the term and the press of many other matters a full discussion of the questions decided is pretermitted.

For the errors above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

#### October 13, 1915.

PRENDERGAST, PRESIDING JUDGE.—We think the original opinion, wherein we held the court on another trial should charge as insisted by appellant to the effect that if appellant believed deceased had had improper relations with his wife "then such belief by him would be real to him," is not correct, but the court's charge as given is sufficient. With this correction in the original opinion the motion for rehearing is overruled.

*Overruled.*